IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY MORRISON, Reg. No. 43820-112, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 2:18cv39-WHA |
| ) | [WO] |
| AMANDA HUGHES, *et al.,* ) | |
| ) | |
| Defendants. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a federal inmate, filed this *pro se Bivens* action[1] action alleging violations of his constitutional rights arising from his participation in and removal from the Residential Drug Abuse Program ("RDAP") program at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery").[2] Among the named defendants are the South East Regional Director, the South East Regional Drug Abuse Program Director, the Central Office Director, and the Central Office Drug Abuse Program Director.[3] *See* Doc. No. 21 at 5. Upon review, this court concludes that dismissal of the amended complaint

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

[2] In accordance with the prior proceedings and orders entered, this matter is before the court on Plaintiff's amended complaint filed August 6, 2018. Doc. No. 21.

[3] Plaintiff's amended complaint also names as defendants various officials and employees at FPC Montgomery.

against these defendants prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[4]

## I.  DISCUSSION

Plaintiff's amended complaint includes as named defendants the South East Regional Director, the South East Regional Drug Abuse Program Director, the Central Office Director, and the Central Office Drug Abuse Program Director. Doc. No. 21 at 5. Review of the allegations in the amended complaint reflects that Plaintiff seeks to hold these parties liable via a theory of *respondeat superior*. A *Bivens* action, however, will not support a claim under this theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009) (doctrine of *respondeat superior* is inapplicable to *Bivens* actions and actions under 42 U.S.C. § 1983). The *Iqbal* Court clarified that a government official sued in his/her individual capacity for alleged constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or based on some general connection to allegedly responsible individuals or actions. *Id*. at 676–77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*. . . . [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution. . . . [P]urpose rather than knowledge is required to impose [constitutional] liability on . . . an official charged with violations arising from

---

[4] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2

his or her superintendent responsibilities"); *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691–95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 allows no plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *see also Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (holding that a supervisory official is liable only if he "personally participate[d] in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation.").

Based on this standard, Plaintiff has done nothing to affirmatively link Defendants South East Regional Director, South East Regional Drug Abuse Program Director, Central Office Director, and Central Office Drug Abuse Program Director to the alleged violations of his constitutional rights. His conclusory assertions that these parties are liable, without alleging facts from which it can be inferred they were personally involved in the constitutional violations about which he complains, is insufficient. Accordingly, the action against these defendants is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's amended complaint against Defendants South East Regional Director, South East Regional Drug Abuse Program Director, Central Office Director, and Central Office Drug Abuse Program Director be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Defendants South East Regional Director, South East Regional Drug Abuse Program Director, Central Office Director, and Central Office Drug Abuse Program Director be TERMINATED as parties to this action;

3. This case against the remaining defendants be referred to the undersigned for further proceedings.

It is further

ORDERED that **on or before November 2, 2018**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

DONE this 19th day of October, 2018.

　　　　　　　　/s/   Wallace Capel, Jr.
　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE