IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LARRY MORRISON, Reg. No. 43820-112, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:18cv39-WHA |
| | ) | [WO] |
| AMANDA HUGHES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION AND ORDER**

Plaintiff filed this *pro se Bivens* action[1] alleging violations of his constitutional rights arising from his participation in and removal from the Residential Drug Abuse Program ("RDAP") at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery"). This case is now before the court on the October 19, 2018 Recommendation of the Magistrate Judge that Plaintiff's *Bivens* action be dismissed without prejudice as to certain named defendants (Doc. # 31) and Plaintiff's objection thereto (Doc. # 32). Following an independent evaluation and *de novo* review of the file, the court finds Plaintiff's objection to be without merit and due to be overruled.

Among the named defendants in Plaintiff's amended complaint are the South East Regional Director, the South East Regional Drug Abuse Program Director, the Central Office Director, and the Central Office Drug Abuse Program Director. *See* Doc. # 21 at 5. Upon review of the allegations in the amended complaint, the Magistrate Judge found that

---
[1] *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Plaintiff seeks to hold these parties liable via a theory of *respondeat superior*. Because a *Bivens* action will not support a claim under a theory of *respondeat superior*, *see Ashcroft v. Iqbal*, 556 U.S. 662, 675–76 (2009), the Magistrate Judge recommended that Plaintiff's amended complaint be dismissed without prejudice as to these defendants and that these defendants be terminated as parties to this action. *See* Doc. # 31 at 2–4.

In his objection to the Magistrate Judge's Recommendation, Plaintiff argues that the defendants recommended for dismissal should remain in the case because, he alleges, they were part of a conspiracy to deny his rights with relation to participation in the RDAP program. Doc # 32 at 1–2. A conspiracy claim may be dismissed because of the conclusory, vague, and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556–57 (11th Cir. 1984). Other than his suppositious allegations, Plaintiff presents nothing, nor can this court discern any evidence, to indicate that the defendants recommended for dismissal entered into a conspiracy to deprive Plaintiff of his constitutional rights. Plaintiff's conclusory assertions that these parties are liable, without alleging facts from which it can be inferred they were personally involved in the constitutional violations about which he complains, are insufficient. Consequently, the action against these defendants is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is ORDERED as follows:

(1) Plaintiff's objection (Doc. # 32) is OVERRULED.

(2) The Magistrate Judge's Recommendation (Doc. # 31) is ADOPTED.

(3) Plaintiff's amended complaint (Doc. # 21) against Defendants South East Regional Director, South East Regional Drug Abuse Program Director, Central Office

Director, and Central Office Drug Abuse Program Director is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

(4) Defendants South East Regional Director, South East Regional Drug Abuse Program Director, Central Office Director, and Central Office Drug Abuse Program Director are TERMINATED as parties to this action.

It is further ORDERED that this case is referred back to the Magistrate Judge for further proceedings as to the remaining defendants.

DONE this 15th day of May, 2019.

                                      /s/ W. Harold Albritton, III
                                      SENIOR UNITED STATES DISTRICT JUDGE