IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY MORRISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:18-cv-39-WHA-WC |
| | ) [WO] |
| AMANDA HUGHES, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), is before the court on Plaintiff Larry Morrison's amended complaint (Doc. # 21) alleging violations of his constitutional rights arising from his participation in and removal from the Residential Drug Abuse Program ("RDAP") at the Federal Prison Camp in Montgomery, Alabama ("FPC Montgomery").

The court directed Defendants to file an answer and special report addressing Morrison's claims for relief. In compliance with the court's orders, Defendants submitted an answer and special report supported by relevant evidentiary materials, including affidavits, in which they address Morrison's claims. Doc. No. 55. The report and evidentiary materials refute the allegations presented by Morrison. Defendants argue that Morrison's claims are due to be dismissed because (1) he has failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA"); (2) the claims do not concern matters actionable in a lawsuit under

*Bivens*; and (3) Morrison has failed to establish that the actions he challenges violated his constitutional rights.

In light of the foregoing, the court issued an order directing Morrison to file a response to Defendants' answer and written report. Doc. No. 56. The order advised Morrison that his failure to respond to the report would be treated by the court "as an abandonment of the claims in the complaint and as a failure to prosecute this action." Doc. No. 56 at 2. The order "specifically cautioned [Morrison] that if he fail[ed] to file a response in compliance with the directives of this order," the court would recommend dismissal of this civil action. *Id.* The time allotted Morrison for filing a response in compliance with the directives of the court's order expired on November 14, 2019. Morrison has failed to file a requisite response in opposition to Defendants' written report. The court therefore finds that this case should be dismissed.

The court has reviewed the file to determine whether a measure less drastic than dismissal is appropriate. *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007). Morrison's inaction in the face of Defendants' report and evidentiary materials refuting his claims suggests he does not seek to proceed with this case. It therefore appears that any additional effort by this court to secure Morrison's compliance would be unavailing and a waste of the court's resources. Consequently, the court concludes that Morrison's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome*, 863

F.2d 835, 837 (11th Cir. 1989) (as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion); *see also Tanner v. Neal*, 232 F. App'x 924 (11th Cir. 2007) (affirming sua sponte dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply). The authority of courts to impose sanctions for failure to prosecute or to obey an order is longstanding and is acknowledged, but not limited, by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority gives the courts power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) ("The sanctions imposed can range from a simple reprimand to an order dismissing the action with or without prejudice.").

For the above-stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 24, 2019. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in

3

the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of "plain error if necessary in the interests of justice." 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993)("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 10th day of December, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE